BENSON *v.* TOWNESEND *et al.*

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

DEED—DESCRIPTION—LAND BOUNDED BY TIDE-WATER.

    The owner of land on a bay conveyed an acre at the end of the tract nearest the bay, described as follows: "Beginning * * * by the beach, running * * * along the beach to," etc. In the general description of the tract it was bounded "easterly by the said beach." The grantee was given the privilege of a road from the middle of the front of the lot to the bay, and also half the drift coming on shore in front of the lot, but "no other right of beach or shore," and all the other privileges of the beach were reserved by the grantor, who bound himself not to build any house in front of the lot. The courses and distances would not carry the boundary to high-water mark. *Held,* that the beach did not pass by the deed, and that a patent by the state of land in front of the lot covered with water, issued to a person claiming under the grantee, was void.

Appeal from circuit court, Richmond county.

Action by Constantine W. Benson against Henry D. Townesend and others to determine and quiet the title to a parcel of land under water, in the village of Edgewater, on New York bay. A grant was issued by the state of New York, conveying the land to one Levi Cook, he being alleged to be the owner of the adjacent lands on the shore under which plaintiff claimed. Defendants alleged that by the law of New York the patent was void, Cook not being in fact the owner of any land adjacent. The contention grew out of the construction of a deed by Elisha Cripps to Cornelius Perine, the material parts of which are set out in the opinion filed at the circuit and subjoined hereto. The courses and distances in the deed, if adhered to, would leave a strip of beach between the tract conveyed to Perine (under whom Cook claimed) and the bay. There was a judgment for defendants, and plaintiff appeals.

   The following opinion was filed at the circuit upon a motion for a new trial:

   "BARNARD, J. What title did Cornelius Perine get under the deed from Cripps to him? The description on the water, standing alone, would convey all rights of the grantor, and make a complete upland grant. The description begins at a smoke-house ' by the beach, running north 55 degrees, west two chains, and seventy-five links along the beach to the line between the land and salt meadow of said Cripps and Cornelius Corsin.' And in the general description in the deed it is stated that the piece was bounded easterly by the said beach.' The deed does not leave these words with that full significance. The grant was of one acre of land, and the then grantor owned a tract of which this acre was only a part. The deduction of the acre left the grantor with land in the rear of it, and on one side of it to the sea. The deed goes on to state that the grantee is ' to have the privilege of a road from the middle of the front of the said acre lot of twenty feet broad, down to the bay of water, to take off or put on whatever he sees fit without incumbering the road or shore, and also to allow the said party of the second part, [Perine,] his heirs and assigns, the profit arising from one-half of the drift that came on the shore in front of the said lot, and to pass and repass to get the said drift, and no other right of the beach or shore.' The grantor then agreed not to build any house in front of the lot, and against the deed provides that 'all other privileges of the said beach and shore the said party of the first part doth reserve to himself and to his heirs and assigns.'

   "Under this deed Perine was not the upland owner. The cases cited, to show that a deed along a beach went to ordinary high-water mark, and left nothing to the grantor, have no application, because these words are restricted by the deed itself. The right of the grantee, as an upland owner, was plainly reserved to the grantor, and the grantee got a restricted title which prevented him from taking any right as an upland owner against the grantor or his heirs. It is true that the people owned the land under water, but it could only be granted to the upland owner; otherwise the grant is void. The plain-

tiff under the Perine grant has taken a title from the state, to which he had no right, and by statute such grant is void. The evidence would justify a finding that the old road along the shore was the easterly boundary. There was a small strip of beach between the road and the sea; but as the case was disposed of on other grounds, the question must be, for the purpose of this motion, taken as if the deed carried the description to high-water mark. Assuming the deed to convey by this description, the reservation makes the grantor superior to Perine in respect to the right to take from the state a title to the lands under water. The motion for a new trial should therefore be denied, without costs."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*MacFarland, Boardman & Platt,* for appellants. *Geo. J. Greenfield, Winson & Marsh,* and *George S. Scofield,* for respondents.

PER CURIAM. The learned trial judge, in his opinion on the motion for a new trial, so fully and satisfactorily disposes of the controlling question in this case that further discussion will not be profitable. We therefore affirm the judgment, with costs, on that opinion.